UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLAUDIA COLLITON,

                      Plaintiff,

    -against-

DRAFTKINGS INC.,

                      Defendant.

22-CV-6093 (CS)

ORDER OF SERVICE

---

CATHY SEIBEL, United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action alleging that Defendant violated her rights. The Court construes the complaint as asserting claims under 42 U.S.C. § 1981 and claims under state law. By order dated July 21, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

    To allow Plaintiff to effect service on Defendants DraftKings, Inc., through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Further, although the complaint purports to be signed by Plaintiff, it appears to have been drafted by her husband "a/n/f," which I assume means "as next friend," and their two signatures look so similar that they could have been written by the same person.  Unless Mr. Colliton is admitted to practice as a lawyer in this court, he cannot bring claims on behalf of another person. Plaintiff Claudia Colliton shall, no later than August 11, 2022, confirm in her own writing that she is personally bringing this lawsuit.  She shall also show cause why she should not be required to sign up to receive electronic notifications from the Court.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for DraftKings, Inc., complete the USM-285 forms with the addresses for this defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated: July 28, 2022
       White Plains, New York

_____
CATHY SEIBEL
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

1.     DraftKings, Inc.
       222 Berkeley Street
       Boston, MA 02116